# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00396-BNB

PHILIP A. PUNK JR.,

    Applicant,

v.

HAGGER, Director of CDOC,
LOU ARCHULETA, Warden, F.C.F., and
JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

## ORDER OF DISMISSAL

Applicant, Philip A. Punk Jr., a state prisoner in the custody of the Colorado Department of Corrections, currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado.  Applicant initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, in which he challenges the validity of his conviction and sentence in El Paso County District Court Case No. 2002-CR-2770.

On February 20, 2014, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  Respondents submitted a Response on March 25, 2014.  Applicant filed a Reply on the same day.

The Court must construe liberally the Application and Reply filed by Applicant because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not "assume the role of advocate for the *pro se* litigant." *See Hall*, 935 F.2d at 1110.

Following a jury trial, Applicant was found guilty of second degree murder and a crime of violence and was sentenced to forty-eight years of incarceration. Pre-Answer Resp., ECF No. 24-9, Ex. I at 2. The Colorado Court of Appeals (CCA) affirmed the conviction, *id.*, ECF No. 24-4, Ex. D, and the Colorado Supreme Court (CSC) denied a petition for certiorari review, *id.*, ECF No. 24-6, Ex. F. On September 25, 2006, Applicant filed a Colo. R. Crim. P. 35(c) postconviction motion alleging ineffective assistance of counsel. *Id.*, ECF No. 24-1, Ex. A, at 2. The district court denied the motion, *id.*, the CCA affirmed the order, *id.* at ECF No. 24-9, Ex. I, and on December 9, 2013, the CSC denied the petition for certiorari review, *id.*, ECF No. 24-11, Ex. K.

Applicant raises three claims in this action, including: (1) faulty DNA testing; (2) failure to test clothing for DNA; and (3) fingerprints were found that did not match his or the victim's.

Respondents concede that the action is timely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1), but they argue that (1) Applicant failed to raise any of the three claims in state court; (2) Applicant concedes in the Application that he did not raise the claims; and (3) the claims are procedurally defaulted because they are subject to dismissal as time-barred and successive. The Court has reviewed

Applicant's opening briefs on direct appeal and in his appeal of the Rule 35(c) motion. The briefs do not address the claims that Applicant raises in this action.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. People*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"The exhaustion requirement is not one to be overlooked lightly." *Hernandez v.*

*Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Claims are precluded from federal habeas review when the claims have been defaulted in state court on an independent and adequate state procedural ground.  *Steele v. Young*, 11 F.3d 1518, 1521 (10th Cir. 1993) (citations omitted).  "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision . . . .  For the state ground to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar claims."  *See Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) (internal quotations and citations omitted).

The Colorado Rules of Criminal Procedure prohibit successive postconviction Rule 35 motions with limited exceptions.  *See* Colo. R. Crim. P. 35(c)(3)(VI) and (VII) (explaining that claims "raised and resolved" or "that could have been presented" in a prior appeal or post-conviction proceeding will generally be denied); *see also People v. Bastardo*, 646 P.2d 382, 383 (Colo. 1982) (stating that postconviction review is not available to address under a recently contrived constitutional theory issues that were raised previously).  Rule 35 proceedings prevent injustices afer conviction and sentencing but do not provide perpetual review.  *See People v. Rodriguez*, 914 P.2d 230, 249 (Colo. 1996) (citing *People v. Hampton*, 528 P.2d 1311, 1312 (1974)).

Also, if it is obvious that an unexhausted claim would be procedurally barred in state court the claim is subject to an anticipatory procedural bar, *see Anderson v.*

*Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007), and is procedurally barred from federal habeas review, *Steele*, 11 F.3d at 1524 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). Applicant's claims now are defaulted in state court because could have raised the claims in his direct appeal and he failed to raise the claims within the three-year time period. *See* Colo. Rev. Stat. § 16-5-402 (imposing three-year limitation on felonies other than a class 1 felony); Colo. R. Crim. P. 35(c)(3)(VII).

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman*, 501 U.S. at 730. A federal court may proceed to the merits of a procedurally defaulted habeas claim if the applicant establishes either cause for default and actual prejudice or fundamental miscarriage of justice if the merits of a claim are not reached. *See Demarest v. Price*, 130 F.3d 922, 941 (10th Cir. 1997). Applicant's *pro se* status does not exempt him from the requirement of demonstrating cause for the default and actual prejudice or failure as a result of the alleged violation of federal law or demonstrating that failure to consider the claims will result in a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Applicant must show that some objective factor external to the defense impeded his ability to comply with the state's

procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). Ineffective assistance of counsel may establish cause excusing a procedural default. *Jackson*, 143 F.3d at 1319. Applicant, however, must show "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and have "presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray*, 477 U.S. at 488-89.

A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In order to demonstrate a fundamental miscarriage of justice, Applicant first must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Id.* Applicant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

In the Application, in response to the question how Applicant exhausted state court remedies, Applicant states, "to use it on appeals in federal court, habeas corpus

by counsel," under Claim one; "stated to use it on postconviction releaf [sic]-federal, habeas corpus, by counsel" under Claim Two; and "stated to use in federal habeas corpus proceeding if appeal fail," in Claim Three. Application, ECF No. 1, at 5-6. In the Reply, Applicant asserts that he has been denied every form of relief, including denial of legal counsel for his habeas corpus action and has had his requests for loan of records denied. Reply, ECF No. 25, at 1. Applicant further asserts that he has been mentally and physically disabled for years. *Id.* at 4. In the Reply, applicant asserts that he was forced to used the Public Defender's Office, "who gave poor defense at trial" and allowed his trial to continue even "when the jury could not be picked the first time." Reply at 4-5. Applicant further contends that he was denied records and has been mentally and physically disabled for years. *Id.* at 1 and 4.

It is not clear what Applicant is stating in response to the question how he exhausted his state court remedies. He appears to assert that he is raising these claims in this Court because his appeals in state court failed. Applicant also appears to assert that counsel directed him to raise as least Claims One and Two in a federal habeas action. For the following reasons, Applicant fails to demonstrate a basis for waiving the procedural default.

First, habeas petitioners have no constitutional right to postconviction counsel in the first instance and inadequate performance by counsel does not excuse procedural default. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). In *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), however, the Supreme Court held that where a state permits a defendant to challenge the assistance of trial counsel only in a postconviction

proceeding, then the absence of postconviction counsel, or ineffective assistance of post-conviction counsel, in the postconviction proceeding can constitute cause for the habeas petitioner's default of claims of ineffective assistance of trial counsel. *Id.* at 1318. *Martinez* also was clear about what it did *not* hold. *See Banks v. Workman*, 692 F.3d 1133, 1148 (10th Cir. 2012). "[I]n no uncertain terms . . . '[t]he rule of *Coleman* governs in all but the limited circumstances recognized here.' " *Id.* (quoting *Martinez*, 132 S. Ct. at 1320). "*Martinez* applies only to "a prisoner's procedural default of a claim of ineffective assistance at *trial* . . . .'" *Id.* (quoting *Martinez*, 132 S. Ct. at 1315). Applicant is precluded from asserting default based on ineffective assistance of postconviction counsel.

Also, the narrow exception in *Martinez* to find cause for excusing such a default is based on if

> (1) the ineffective-assistance-of-trial-counsel claim was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that the claim "be raised in an initial-review collateral proceeding."

*Trevino v. Thaler*, 133 S. Ct. 1911, 1913 (2013) (quoting *Martinez*, 132 S. Ct. at 1320.) (internal quotation marks omitted). As stated above, Applicant's only claim is that he was forced to used the Public Defender's Office, who failed to represent him adequately and allowed the trial to continue even after a jury could not be picked the first time. These claims are conclusory and vague and fail to state a substantial ineffective assistance of trial counsel claim that would support cause for excusing a default.

Furthermore, nothing Applicant asserts in his Application or Reply meets either the cause and prejudice or a fundamental miscarriage of justice exceptions. Applicant's mental and physical disabilities claim and his denial of records claim are conclusory and vague and fail to meet either exception for waiving a default.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action dismissed because all claims are procedurally barred from federal habeas review. It is

FURTHER ORDERED that no certificate of appealability shall issue because Applicant has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  1st  day of      May           , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court